The Court

(present, Rutledge, Ch. J. Burke, J. and Bay, J.)
mentioned to the jury, that this was a kind of equitable defence which formerly belonged to the juris» diction of a court of chancery, but that courts of law had lately let the parties into it in a court of common law, as well as in a court of equity, on the ground of fraud. That this fraud might arise either from the intent and design of one party to impose upon another, or it might arise from circurn* stances which neither party knew of, or could foresee at the time of the contract. But that from whatever cause it arose, it was a proper subject for investigation in this court, wherever it could be discovered, or traced out, and came as well within the province of a jury, as before any other tribunal. That every case however, of this nature, required the exercise of good sense and sound discretion in a jury, in order to distinguish between these kind of contracts, which ought to be rescinded entirely j and those, where the party was entitled to an abatement of the price only, in proportion to the injury. That the rules of the civil law, which had been incorporated with the common law on this head, were of excellent use in determining every question of this nature. The first was, that wherever the defects of a thing sold were so greats as to render it unfit for the use the purchaser intended, and the seller represented, in such case, the contract ought to be rescinded. Secondly, where the defects were not so great as to warrant a recision of the sale in toto, then such abatement of the price ought to be made as might be just and reasonable, according to the nature and extent of the defects. By these rules, the jury would judge of the present case. If the mill-seat was the great object which the defendants’ testator had in view at the time of the purchase, and the remainder of the land would be of little value without it; then it would be the duty of a jury to find for the defendants. But if, again, this mill-seat had been only a secondary object of the purchaser, and the remainder of the land would not be materially injured by it, they ought to make such a reasonable abate-rqent as would make the party whole for any injury he *280 might sustain on account of the deficiency or defect, which could be deducted from the amount of the bond.
The jury retired a few minutes, and returned with a verdict for the defendants.
N. E.
Upon the principles of the foregoing case, a great number of causes have been determined, both for defects in the quantity and quality of lands ; and for unsoundness and defects in negroes, and other personal property. The case of Samuel & William Scott v. Denoon & Co. for selling a negro with a good character, when he had been previously convicted of a felony ; the case of Bonneau v. Kelly, for selling a negro as a good carpenter, who knew little or nothing of the trade, &c. cum multis aliis, were all deter? 'sained upon the above principles.